NARCISSA MORROW *v.* RICHARD N. MORROW ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—620.]

**Waste by Life Tenant.**

> Where a widow, a life tenant of 240 acres of land, only 70 of which is cleared land, leaving 170 acres of woodland, sells about $170 worth of timber, and with the proceeds improves the fences and buildings on the land which had become decayed, she is not guilty of waste.

APPEAL FROM WARREN CIRCUIT COURT.

February 14, 1882.

OPINION BY JUDGE PRYOR:

Near twenty years elapsed from the death of the testator to the institution of the present action. His widow who survived him was entitled to the use and control of the farm owned by him and of which he was possessed during his life. He left four children residing with her, the youngest being about 11 years of age. The personal estate consisted of but little more than the property exempt from execution and distribution. The farm contained about 240 acres; 170 acres of this were in woods and the balance cleared. On this 70 acres the widow, who is now about 70 years of age, raised and maintained the younger children, having the land cultivated generally upon shares, she getting one-third of the crop, and this seems to have been her only income for the support of those who were entirely dependent upon her. The land, by constant cultivation, had become exhausted and unproductive. The buildings were in a dilapidated condition, the old homestead exhibiting the same evidences of decay that could be seen in the declining years of the aged mother who had labored so long and faithfully in providing for the wants of a large family. The only means of repairing the

homestead was in disposing of some of the timber on the place for that purpose, and with the money, amounting in all to about $170, the appellant (the mother) renovated the outbuildings, built a new crib, a new barn, covered the dwelling house and porch, and had other improvements made in the way of fencing, all of which cost greatly more than the timber sold for, and left of the woodland an abundance of fine timber for all the purposes of the farm. Those entitled in remainder are claiming that the use of the timber amounted to waste, and have by the judgment below obtained an injunction against the mother enjoining her from the commission of waste. There is proof conducing to show that the removal of the timber has decreased the value of the land, while on the other hand it is shown that the proceeds of the timber was used in improving the place, and that it was absolutely necessary that such improvements should have been made, both for the comfort of the life tenant and the preservation of the property, and, in addition, that enough timber was left on the place for all the purposes of the farm and in fact more than was necessary. It is argued, however, that the rent of the land was worth $140 per annum, and this was sufficient to support the widow and make these improvements; and the chancellor, adopting that view, has perpetuated the injunction.

It is not necessary to speculate upon the condition of this cleared land after a constant cultivation for 20 years, nor to question the economy used by the mother in conducting the farm and raising her children. The necessary result follows that the soil is gone and the land unproductive, and it required such economy as was practiced by this appellant to enable her to support herself and family upon it. The 170 acres was too much woodland for the 70 acres of cleared land, and instead of committing waste, as is charged, the mother would have been justified in clearing up a part of the woods and adding to the small pittance that was left for her support. During the period of 20 years the sale of $170 worth of timber is the waste she is charged with having committed, and some of that sold to the parties obtaining this injunction.

That there is timber enough left to last the farm for other generations is abundantly shown, and when it is made to appear that the proceeds of what was sold were applied to the improve-

32

ment of the place there was no cause for this injunction. It was for the use and benefit of the farm, and absolutely indispensable to the comfort of this old lady.

The judgment is *reversed* and cause remanded with directions to dismiss the petition. ·

*R. Rodes, for appellant.*

*Halsell & Mitchell, for appellees.*